Douglas R. Young (State Bar No. 073248)
  dyoung@fbm.com
Morgan T. Jackson (State Bar. No. 250910)
  mjackson@fbm.com
Christoffer Lee (State Bar No. 280360)
  clee@fbm.com
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480

Attorneys for Defendant
CATHY A. CATTERSON

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| JOHN ADAMS, SHANE CASTLE on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COMMITTEE ON JUDICIAL CONDUCT AND DISABILITY OF THE JUDICIAL CONFERENCE OF THE UNITED STATES; and CATHY A. CATTERSON in her official capacity as Circuit and Court of Appeals Executive to the U.S. Courts for the Ninth Circuit,<br><br>Defendants. | Case No. 4:15-cv-01046-YGR<br><br>**DEFENDANT CATTERSON'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge:      Hon. Yvonne Gonzalez Rogers<br>Date:       July 28, 2015<br>Time:       2:00 p.m.<br>Place:      Courtroom 1, 4th Floor<br>            1301 Clay Street, Oakland, CA |

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

CATTERSON'S MOT. TO DISMISS COMPLAINT
CASE NO. 4:15-CV-1046 YGR

28418\4941295.1

1

2 **<u>NOTICE OF MOTION</u>**

PLEASE TAKE NOTICE THAT Defendant Cathy A. Catterson, as Circuit and Court of

3 Appeals Executive to the U.S. Courts for the Ninth Circuit ("Catterson"), hereby moves and will

4 move this Court on July 28, 2015, at 2:00 p.m. in Courtroom 1, 4th Floor, United States Federal

5 Building, 1301 Clay Street, Oakland, California, before the Honorable Yvonne Gonzalez Rogers,

6 United States District Judge, under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for an

7 order dismissing the Complaint of JOHN ADAMS and SHANE CASTLE on behalf of

8 themselves and all others similarly situated.  The motion is based on this notice, the attached

9 memorandum of points and authorities, the matters of record filed with the Court including the

10 motion to dismiss filed concurrently herewith by Defendant Committee on Judicial Conduct and

11 Disability of the Judicial Conference of the United States, and any such other evidence and oral

12 argument as the Court may accept.

13 **<u>STATEMENT OF RELIEF SOUGHT</u>**

14 Catterson seeks an order dismissing the Complaint with prejudice under Rule 12(b)(1) or

15 Rule 12(b)(6).

16 **<u>ISSUES TO BE DECIDED</u>**

17 Catterson raises the following issues in this, her separate motion:

18 1.      Whether the court lacks subject matter jurisdiction because Defendant Catterson is

19 protected by quasi-judicial immunity?

20 2.      Whether Plaintiffs fail to state a claim because the Investigative File is protected

21 by the judicial deliberative privilege?

22 Defendant Committee on Judicial Conduct and Disability of the Judicial Conference of

23 the United States ("JCD Committee") raises the following issues in its separate motion to dismiss:

24 1.      Whether Defendants (including Catterson) benefit from sovereign immunity?

25 2.      Whether Plaintiffs lack standing to assert speculative injuries on behalf of third

26 parties not before the court?

27 3.      Whether Plaintiffs have failed to state a claim in light of dispositive authority

28 holding that the First Amendment does not confer any right on Plaintiffs to obtain government

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

CATTERSON'S MOT. TO DISMISS COMPLAINT
CASE NO. 4:15-CV-1046 YGR

28418\4941295.1

information?

4.     Whether Plaintiffs have failed to state a claim under the Federal Records Act given that it confers no private right of action?

Catterson joins in the arguments made by JCD Committee regarding these issues and submits they justify dismissing the Complaint against both Catterson and the JCD Committee.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

The confidentiality provisions of 28 U.S.C. section 360(a) and Rule 23(a) of the Rules for Judicial-Conduct and Judicial-Disability Proceedings (adopted by the Ninth Circuit on April 10, 2008) (hereinafter, "Judicial Conduct Rules") exist for good reason: they ensure full participation and cooperation in the process by complainants, witnesses, and subject judges who otherwise may be deterred by fear of retaliation or adverse consequences.  Plaintiffs are attempting to unravel the confidentiality afforded in judicial misconduct proceedings by seeking an opportunity to second-guess the judiciary's investigation process, which is not contemplated by the Constitution or by statute.  Plaintiffs' efforts to breach the confidentiality rules fail for lack of jurisdiction and on the merits for the reasons discussed in the motion to dismiss filed by the JCD Committee.  Catterson joins and adopts these arguments, as well as the factual and procedural history set forth therein.

Catterson is also entitled to dismissal with prejudice because, as Circuit Executive, Catterson is entitled to quasi-judicial absolute immunity.  Her alleged denial of Plaintiffs' requests for the Investigative File[1] were an integral part of the judicial function related to preserving the confidentiality of judicial misconduct investigations performed by the Ninth Circuit Judicial Council and its special investigation committee, as mandated by 28 U.S.C. section 360(a) and the Judicial Conduct Rules.  Plaintiffs' claims against Catterson are tantamount to a party's suit against the clerk of the court for rejecting an improper request to view a judge's case files for potential use in a hypothetical future case.  Quasi-judicial immunity bars such a claim against a court employee.  The judicial deliberative privilege also shields the

---

[1] As used herein, "Investigative File" means the documents at issue in the Complaint.  *See* Complaint ¶¶ 1, 14, 15, 28.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

CATTERSON'S MOT. TO DISMISS COMPLAINT
CASE NO. 4:15-CV-1046 YGR                    - 1 -                    28418\4941295.1

1  investigative file from disclosure.[2]

2  II.     **CATTERSON JOINS AND ADOPTS THE FACTUAL AND PROCEDURAL**
         **HISTORY, AS WELL AS THE ARGUMENTS MADE BY THE JCD**
3        **COMMITTEE**

4          The JCD Committee has concurrently moved to dismiss the complaint.  For the same

5  reasons set forth in the JCD Committee's motion: (1) Catterson is protected by sovereign

6  immunity; (2) Plaintiffs lack standing to assert speculative injuries on behalf of third parties not

7  before the court; (3) Plaintiffs have neither a First Amendment right to obtain the Investigative

8  File nor a private right of action under the Federal Records Act; and (4) section 360 and the FOIA

9  judiciary exemption are constitutional.

10         ///

11         ///

12  _____

[2]  The appropriate legal standards are set forth below:

13         A Rule 12(b)(1) motion can attack either the sufficiency of the pleadings to establish
14  federal jurisdiction or challenge the substance of the jurisdictional allegations despite the formal
    sufficiency of the complaint.  *Thornhill Publ'g Co., Inc. v. Gen.' Tel. & Elecs. Corp.*, 594 F.2d
15  730, 733 (9th Cir. 1979).  When a motion to dismiss attacks the allegations of the complaint as
    insufficient to confer subject matter jurisdiction, the standard is the same as under a Fed. R. Civ.
16  P. 12(b)(6) motion.  *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  When a
    defendant challenges the actual lack of jurisdiction, the plaintiff's allegations are not presumed to
17  be truthful, and the plaintiff has the burden of proving the court has jurisdiction.  *Thornhill Publ'g
    Co., Inc.* 594 F.2d at 733 (citation omitted).  The court may look beyond the complaint to matters
18  of public record without converting the motion into one for summary judgment.  *White v. Lee*,
    227 F.3d 1214, 1242 (9th Cir. 2000) (citations omitted).  A Rule 12(b)(1) motion is a proper
19  vehicle to attack a complaint based on sovereign immunity.  *Tobar v. United States*, 639 F.3d
    1191, 1194-95 5 n.1 (9th Cir. 2011); *Willoughby v. United States ex rel. U. S. Dep't of the Army*,
20  730 F.3d 476, 479 (5th Cir. 2013) ("The question of whether the United States has waived
    sovereign immunity pursuant to the FTCA goes to the court's subject-matter jurisdiction . . . and
21  may therefore be resolved on a Rule 12(b)(1) motion to dismiss.") (internal citations omitted).

22         Federal Rule of Civil Procedure 12(b)(6) permits dismissal upon the "failure to state a
    claim upon which relief can be granted."  Dismissal may be based on either: (1) lack of a
23  cognizable legal theory, or (2) insufficient facts under a cognizable legal theory.  *See Balistreri v.
    Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted).  Review is limited to
24  the contents of the complaint, and all allegations of material fact are taken as true and construed
    in the light most favorable to the nonmoving party.  *See Fed'n of African Am. Contractors v. City
25  of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996) (citations omitted).  "To survive a motion to
    dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
26  relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl.
    Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet the facial plausibility standard, a plaintiff
27  must "plead[] factual content that allows the court to draw the reasonable inference that the
    defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S.
28  at 556).  Judicial immunity may be raised in a 12(b)(6) motion.  *See Mullis v. U.S. Bankr. Ct. for
    Dist. of Nev.*, 828 F.2d 1385, 1394 n.1 (9th Cir. 1987).

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

CATTERSON'S MOT. TO DISMISS COMPLAINT          - 2 -
CASE NO. 4:15-CV-1046 YGR                                                    28418\4941295.1

### III.   ADDITIONAL BACKGROUND

Catterson serves as Circuit Executive of the Ninth Circuit.  Pursuant to the Judicial Conduct and Disability Act, 28 U.S.C. §§ 351-364, and the Judicial Conduct Rules, the Circuit Executive maintains a sealed archive for the records for judicial misconduct complaints directed to the Ninth Circuit.

The Judicial Conduct Rules mandate confidentiality of misconduct files, which can include the misconduct complaint, the file prepared by staff for review by the Chief Judge, documents reviewed by the Judicial Council (if convened), and, if necessary, the documents reviewed by the JCD Committee.  *See* Judicial Conduct Rule 23(a).

The Judicial Conduct Rules instruct that misconduct files must be maintained separately, "with appropriate security precautions to ensure confidentiality."  *See* Judicial Conduct Rule 23(b).  Misconduct files are given unique docketing numbers, *see* Judicial Conduct Rule 8(a), and are not maintained on the CM/ECF website.

Judicial misconduct files are maintained by the Circuit Executive for the Ninth Circuit separately from the records of Court of Appeals cases.  In compliance with the Guide to Judiciary Policy, Volume 10, Chapter 6:  Records Management, the Orders and Reports from these proceedings are maintained in a permanent file.  Underlying investigation materials are archived for five years and destroyed five years after final disposition of the complaint.

The Judicial Conduct Rules governing confidentiality and section 360 protect important policy interests.  The confidential nature of misconduct investigations enables witnesses to fully participate in the investigations to ensure that effective remedies for judicial misconduct are achieved.  "All 50 states, as well as the Federal Government, recognize the importance of keeping these investigation records confidential, and thus have similar privileges protecting the confidentiality of judicial investigation records."  *Clemmer v. Off. of C. J.*, 544 F. Supp. 2d 722, 728 (N.D. Ill. 2008) (citing 28 U.S.C. § 360) (adopting state privilege allowing Illinois Judicial Inquiry Board investigation materials to be kept confidential based on confidentiality provisions in Illinois Constitution and Judicial Inquiry Board rules of procedure; denying motion to compel.)  Without this confidentiality, witnesses might be reticent to turn over materials for fear that a later

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

CATTERSON'S MOT. TO DISMISS COMPLAINT
CASE NO. 4:15-CV-1046 YGR                    - 3 -                    28418\4941295.1

1    court might, on a fact-by-fact or case-by-case basis, waive confidentiality.  *Cf. Jaffee v. Redmond*,

2    518 U.S. 1, 17 (1996) ("Making the promise of confidentiality contingent upon a trial judge's

3    later evaluation of the relative importance of the patient's interest in privacy and the evidentiary

4    need for disclosure would eviscerate the effectiveness of the privilege.").  "Individuals who

5    participate in such confidential conversations 'must be able to predict with some degree of

6    certainty whether particular discussions will be protected.'"  *Clemmer*, 544 F. Supp. 2d at 728

7    (citing *Jaffee*, 518 U.S. at 18).  Permitting disclosure of the contents of the Investigative File

8    would undermine the trust placed in the investigative process and harm future judicial misconduct

9    investigations.

10   **IV.    ARGUMENT**

11        **A.    Catterson Is Entitled To Absolute Quasi-Judicial Immunity**

12        Plaintiffs' claims against Catterson are barred by absolute quasi-judicial immunity.  Court

13   personnel are entitled to absolute quasi-judicial immunity when performing tasks that are an

14   integral part of the judicial process.  *See, e.g. Mullis v. U.S. Bankr. Ct. for Dist. of Nev.*, 828 F.2d

15   1385, 1390 (9th Cir. 1987) (holding clerks of the court entitled to quasi-judicial immunity against

16   allegations of impropriety related to appellant's filing of bankruptcy petition); *Sharma v. Stevas*,

17   790 F.2d 1486 (9th Cir. 1986) (Clerk of United States Supreme Court had absolute quasi-judicial

18   immunity under Federal Tort Claims Act because his acts were integral part of judicial process);

19   *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996) (allegations that district court clerk

20   deceived litigant regarding status of bond and improperly conducted hearings to assess costs

21   dismissed on basis of clerk's absolute immunity while performing quasi-judicial duties).  Courts

22   have specifically applied this rule to the Office of the Circuit Executive.  *See Ocasio v. Kozinski*,

23   No. C 08-4820JF(PR), 2008 WL 5046288, at *1 (N.D. Cal. Nov. 25, 2008) (Office of the Circuit

24   Executive entitled to absolute judicial immunity when "performing functions necessary to the

25   judicial process.") (citing *Miller v. Gammie*, 335 F.3d 889, 895-96 (9th Cir. 2003)).

26        Any denial by Catterson of Plaintiffs' request to obtain the Investigative File occurred as

27   part of her quasi-judicial duties of enforcing and complying with section 360(a)'s prohibition on

28   disclosure "by any person in any proceeding" of any "papers, documents, and records of

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

CATTERSON'S MOT. TO DISMISS COMPLAINT
CASE NO. 4:15-CV-1046 YGR                    - 4 -                              28418\4941295.1

1   proceedings related to" judicial misconduct investigations, as well as Rule 23(a) of the Judicial

2   Conduct Rules.  Akin to a clerk of court's denial of an improper record request, the Circuit

3   Executive's denial of an inappropriate request to review the Investigative File of a special

4   committee of the Ninth Circuit Judicial Conference is a quasi-judicial act.  Such a denial is an

5   integral part of the judicial process because, in the absence of the denial, a party would have

6   unfettered access by simple request to confidential information that is otherwise prohibited from

7   disclosure, with resulting harm to the overall integrity of the judicial misconduct process.

8        Accordingly, Catterson's alleged denial of Plaintiffs' requests to review the Investigative

9   File was pursuant to a quasi-judicial duty and protected by absolute immunity from suit.  *See*

10  *Four Directions v. Comm. on Judicial Conduct & Disability of the Judicial Conference of the*

11  *United States*, No. 14-CV-03022-YGR, 2015 WL 1254765, at *5 n.3 (N.D. Cal. Mar. 18, 2015)

12  *order vacated on reconsideration*, No. 14-CV-03022-YGR, 2015 WL 3409469 (N.D. Cal. May

13  27, 2015) ("Any lawsuit against Judge Cebull directly would be barred by absolute judicial

14  immunity. . . .  Likewise, quasi-judicial immunity would extend to [the JCD Committee and

15  Catterson] here for actions taken in connection with the investigation of the misconduct

16  complaints against Judge Cebull.") (citing *Mullis,* 828 F.2d at 1394 (9th Cir. 1987)); *accord*

17  *Overton v. Torruella*, 183 F. Supp. 2d 295, 300 (D. Mass. 2001) (holding that a Judicial Council's

18  "function is a form of adjudication and therefore falls within the scope of functions protected by

19  absolute immunity").

20        **B.    The Judicial Deliberative Privilege Shields The Investigative File From
21              Disclosure**

22        The Investigative File includes source material used by or created at the direction of

23  federal judges adjudicating a claim of judicial misconduct pursuant to the Judicial Conduct and

24  Disability Act.  Confidential communications among judges, and their staffs, "in the performance

25  of their judicial duties" are privileged.  *See In re Certain Complaints Under Investigation by an*

26  *Investigating Comm. of Judicial Council of Eleventh Circuit*, 783 F.2d 1488, 1520 (11th Cir.

27  1986) (*abrogated on other grounds by later statutory amendments*).  Courts have likewise barred

28  attempts to seek disclosure of the substance of reports and the rationales of judges and others

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

CATTERSON'S MOT. TO DISMISS COMPLAINT
CASE NO. 4:15-CV-1046 YGR          - 5 -          28418\4941295.1

1   performing judicial and quasi-judicial functions.  *United States v. Morgan*, 313 U.S. 409, 421-22

2   (1941) (where Secretary of Agriculture finds rates to be charged by market agencies for services

3   at stockyard, Court finds it was error for court below to allow market agencies to depose

4   Secretary); *Gary W. v. State of La., Dep't of Health & Human Res.*, 861 F.2d 1366, 1368 (5th Cir.

5   1988) (quashing subpoena and subpoena duces tecum issued to special master seeking substance

6   of report on incidents of abuse and neglect of children placed in out-of-state institutions; noting

7   "courts have recognized an exemption from compulsory testimony when necessary 'to protect the

8   integrity and individual responsibility of governmental officials whose duties involve the exercise

9   of judicial and quasi-judicial authority'").

10          Here, there can be no debate that the Investigative File is the product of federal judges'

11   and staff members' acts in adjudicating a complaint of misconduct under the Act because they

12   assist in applying their judgment to a legal standard—whether Judge Cebull "engaged in conduct

13   prejudicial to the effective and expeditious administration of the business of the courts."  28

14   U.S.C. § 351(a); *In re Judicial Misconduct*, 751 F.3d 611, 614 (U.S. Jud. Conf. 2014) (noting that

15   Ninth Circuit Judicial Council found Judge Cebull's conduct was "''prejudicial to the effective

16   administration of the business of the courts,'" "violated Canon 2 of the Code of Conduct . . . and

17   Canon 5"); *Overton v. Torruella*, 183 F. Supp. 2d 295, 300 (D. Mass. 2001) (Judicial Council's

18   "function is a form of adjudication").  Plaintiffs admit that they want the Investigative File in

19   order "to write and publish stories about what they believe was a failure by the Committee to

20   investigate the complaints more fully. . . . [and] to publish stories about the complaint and the

21   ways in which Committee's investigation reviewed facts and determined that no rights had been

22   violated"—in other words, to invade precisely the kind of judicial discourse and consideration

23   that is privileged.  Compl. ¶¶ 23-24.

24          ///

25          ///

26          ///

27          ///

28          ///

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

CATTERSON'S MOT. TO DISMISS COMPLAINT
CASE NO. 4:15-CV-1046 YGR                    - 6 -

28418\4941295.1

1

## V.      <u>CONCLUSION</u>

2       For the reasons discussed above, and in the JCD Committee's concurrently filed brief, the

3   Complaint should be dismissed with prejudice as to Catterson for lack of subject matter

4   jurisdiction, or in the alternative, for failure to state a claim upon which relief can be granted.

5

6
    Dated: June 19, 2015                              FARELLA BRAUN + MARTEL LLP
7

8
                                                      By:   */s/ Douglas R. Young*
9                                                           Douglas R. Young

10                                                    Attorneys for Defendant
                                                      Cathy A. Catterson
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

CATTERSON'S MOT. TO DISMISS COMPLAINT
CASE NO. 4:15-CV-1046 YGR                    - 7 -                         28418\4941295.1