UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN ADAMS, ET AL.**,<br><br>            Plaintiffs,<br><br>    v.<br><br>**COMMITTEE ON JUDICIAL CONDUCT & DISABILITY, ET AL.**,<br><br>            Defendants. | Case No.  15-cv-01046-YGR<br><br>**ORDER DIRECTING PARTIES TO FILE SUPPLEMENTAL BRIEFING**<br><br>Re: Dkt. Nos. 25, 26 |

Plaintiffs John Adams and Shane Castle ("Plaintiffs") bring this action against Defendants Committee on Judicial Conduct and Disability of the Judicial Conference of the United States ("CJCD") and Cathy A. Catterson, in her official capacity as Circuit and Court of Appeals Executive to the United States Courts for the Ninth Circuit ("Catterson").  CJCD and Catterson each bring motions to dismiss the action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, and each joins in the other's arguments in their respective motions. (Dkt. Nos. 25 and 26.)

Among other things, Defendants argue that Plaintiffs have not stated a viable claim because there is no right of access to government information under the First Amendment of the United States Constitution, relying primarily on *Houchins v. KQED, Inc.*, 438 U.S. 1, 15 (1978). However, after *Houchins*, the Supreme Court has held that "an arbitrary interference with access to important information is an abridgment of the freedoms of speech and of the press protected by the First Amendment," in the context of access to judicial proceedings. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 583 (1980) (Stephens, in concurrence).  The instant case appears to

present a question of first impression.  Accordingly, additional briefing is required given that cases following *Richmond* have recognized a right of access for the press and the public that arises from, and is protected by, the First Amendment.  Various limitations on public access to judicial proceedings, both in the criminal and civil context, have been overturned as contrary to First Amendment guarantees.  *See Globe Newspaper Co. v. Superior Court*, 457 U.S. 596 (1982) (minor sex crime victims); *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501 (1984) (voir dire); *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1 (1986) (preliminary hearing transcripts) ("*Press Enterprise II*"); *see also Courthouse News Serv. v. Planet*, 750 F.3d 776, 786 (9th Cir. 2014) ("Though the Supreme Court originally recognized the First Amendment right of access in the context of criminal trials…the federal courts of appeals have widely agreed that it extends to civil proceedings and associated records and documents.")  The Supreme Court has applied a framework for determining whether restrictions on access to government information are permissible under the First Amendment, which looks to:  (1) whether historical experience counsels in favor of public access, and (2) whether public access would play a "significant positive role in the functioning of the particular process in question."  *Press-Enterprise II,* 478 U.S. at 8.

Although the Supreme Court has not applied the *Press Enterprise II* framework to judicial misconduct proceedings, courts have found that restrictions on access to and disclosure of evidence in such proceedings must pass muster under the First Amendment.  *See Kamasinski v. Judicial Review Council*, 44 F.3d 106, 109, 112 (2d Cir. 1994) (strict scrutiny applicable to rules regarding disclosure of complaints and information learned in investigatory phase of judicial misconduct proceedings, but once probable cause established, "even [the state's] most compelling interests cannot justify a ban on the public disclosure of allegations of judicial misconduct"); *First Amendment Coal. v. Judicial Inquiry & Review Bd.*, 784 F.2d 467, 472 (3d Cir. 1986) (assuming that public has a right of access at some point in judicial misconduct proceedings, Pennsylvania constitutional provision permitting access to records of judicial misconduct proceedings only if discipline is recommended does not violate the First Amendment).  And, as Plaintiffs note in their opposition, the Supreme Court has employed the First Amendment to strike down a state statute that imposed penalties for truthful reporting of details about a judicial disciplinary investigation.  *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 841 (1978).

The issue presented by Plaintiffs' complaint is whether the public has a right of access to emails gathered in the course of a now-concluded judicial misconduct investigation which resulted in a finding that the judge violated disciplinary rules by sending those emails. *See In re Judicial Misconduct*, 751 F.3d 611, 623 (U.S. Jud. Conf. 2014).[1] Defendants briefly touch on the Supreme Court's *Press-Enterprise II* framework in footnote 16 of the CJCD's opening brief. The question presented to the Court here is one of restrictions on access, not restrictions on publication. Consequently, it appears the *Press-Enterprise II* framework, rather than an analysis of prior restraints on publication, is the correct one for considering the questions at issue in this action. The Court requests supplemental briefing from the parties addressing the proper application of the *Press-Enterprise II* framework here, and whether the complaint sets forth such a claim sufficiently.

The parties are ordered to file supplemental briefs of no more than **ten (10) pages** by **November 16, 2015,** addressing whether the complaint, as pleaded, states a claim for relief based upon refusal to disclose the emails at issue as an unconstitutional restriction on access, and against which defendant(s) the claim is properly stated.

The Court will notify the parties by further order if supplemental reply briefing or oral argument will be required.

**IT IS SO ORDERED.**

Dated: October 29, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

---

[1] The CJCD, and the Ninth Circuit Judicial Council, found that Judge Cebull violated judicial disciplinary rules when he sent hundreds of emails containing inappropriate messages related to race, politics, religion, gender, sexual orientation, and politically sensitive issues. *In re Judicial Misconduct*, 751 F.3d at 623.